**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAURA ELKIN,

    Plaintiff,

v.

HUNTER WARFIELD, INC. AND
CAMDEN ROYAL PALMS, LLC,

    Defendants.
_____/

CASE NO.

**COMPLAINT AND TRIAL BY JURY DEMAND**

**NATURE OF ACTION**

1. Plaintiff Laura Elkin ("Plaintiff") brings this action against Defendants Hunter Warfield, Inc. ("Hunter") and Camden Royal Palms, LLC ("Camden") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

**JURISDICTION, STANDING, AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Plaintiff has Article III standing to bring this action, because—at a minimum—it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus

1

"may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

### THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

7. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

8. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n. 11).

9. This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11)).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

10. Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

11. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

12. "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA]. In the event of any inconsistency

between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

13. The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7).

14. "Whether communication was frequent enough to constitute harassment is generally a jury question. Proof of frequent calls, continuing after the plaintiff told the defendant to stop calling, is sufficient to demonstrate a triable issue of fact." *Smith v. MarkOne Fin., LLC,* No. 3:13-cv-933-J-32MCR, 2015 WL 419005, at *6 (M.D. Fla. Feb. 2, 2015) (citing *Story v. J. M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977)) (internal citation omitted).

15. The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

16. "To establish a violation under the Florida Consumer Collections Practices Act, Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

17. In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

18. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Polk, and City of Lakeland.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

20. Hunter is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

21. Hunter is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

22. Camden is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

23. Each of Hunter's actions herein were taken on behalf of itself and Camden.

**FACTUAL ALLEGATIONS**

24. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Hunter.

25. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential apartment lease (the "Debt").

26. Hunter uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

27. Hunter regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

28. In connection with the collection of the Debt, Hunter, itself and on behalf of Camden, sent Plaintiff written correspondence dated May 9, 2017.

29. The May 9, 2017 letter sought payment of the Debt for an apartment allegedly leased with Camden.

30. The resident information form related to the Debt stated that Plaintiff worked for Insurance Agency Plus as an insurance adjuster.

31. Plaintiff has never worked for Insurance Agency Plus.

32. At the time the apartment was fraudulently leased, Plaintiff worked for Family Dentistry of Lakeland, PA.

33. In fact, Plaintiff has worked for Family Dentistry of Lakeland, PA for approximately twelve years.

34. At the time the apartment was fraudulently leased, Plaintiff resided in a house she had recently purchased in July 2016.

35. Shortly after receiving Hunter's May 9, 2017 communication, Plaintiff notified Defendants that the Debt was a result of fraud and that she did not lease the apartment with Camden.

36. Hunter, itself and on behalf of Camden, sent Plaintiff written correspondence dated May 17, 2017 acknowledging Plaintiff's claim of fraud and requesting additional information to begin an investigation.

37. On May 18, 2017, upon learning that Plaintiff's identity had been used to fraudulently lease an apartment, Plaintiff filed a report with the Lakeland Police Department.

38. Subsequently, Hunter, itself and on behalf of Camden, sent Plaintiff two letters dated August 31, 2018.

39. A true and correct copy of the August 31, 2018 verification letter, excluding enclosures, is attached as Exhibit A.

40. A true and correct copy of the August 31, 2018 fraud investigation letter is attached as Exhibit B.

41. The August 31, 2018 verification letter contains purported "verification of debt."

42. The August 31, 2018 letter again demands payment of the Debt from Plaintiff despite Defendants' knowledge that Plaintiff does not owe the Debt.

43. August 31, 2018 fraud investigation letter asserts that Hunter completed a fraud investigation and denied Plaintiff's claim of fraud "due to a lack of sufficient evidence to support it."

44. As a result of Defendants' continued assertions that Plaintiff owes the Debt, Plaintiff has suffered stress, anxiety, humiliation, and embarrassment.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

45. Plaintiff repeats and re-alleges each factual allegation above.

46. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

47. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

48. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period.");

*see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

49. Hunter violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Hunter violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**Hunter**

50. Plaintiff repeats and re-alleges each factual allegation above.

51. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

52. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

53. The FTC has stated that: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

54. Hunter violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Hunter violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(9)

55. Plaintiff repeats and re-alleges each and every factual allegation above.

56. Defendants violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce the Debt despite knowledge that the Debt is not legitimate, or asserting the existence of some other legal right despite knowledge that the right does not exist.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated Fla. Stat. § 559.72(9);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

57. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 9, 2019.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206